**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XAVIER I. RAMOS,** : | |
| : | |
| **Petitioner** : | |
| : | **CIVIL ACTION NO. 3:CV-17-1426** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **COURT OF COMMON PLEAS OF** : | |
| **LEBANON PENNSYLVANIA,** *et al.,* : | |
| : | |
| **Respondents** : | |

**M E M O R A N D U M**

On August 11, 2017, Mr. Ramos, a prisoner housed at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, filed the above-captioned *pro se* habeas petition action pursuant to 28 U.S.C. § 2254. In his Petition Mr. Ramos challenges his 2014 criminal conviction (CP-38-CR-1648-2013) in the Court of Common Pleas of Lebanon County, Pennsylvania.

By Order dated November 3, 2017, Mr. Ramos was advised, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that (1) he can have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act

(AEDPA).[1] See ECF No. 7. Petitioner was also forewarned that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

Mr. Ramos was provided with a Notice of Election form and directed to notify the Court within twenty-one days as to how he wished to proceed.

On November 15, 2017, Mr. Ramos filed the Notice of Election form wherein he advised the Court that he wishes to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one-year time limit for filing such a petition.[2]

Based upon an application of the standards announced in *Miller* and *Mason* to Mr. Ramos' decision not to proceed with his present Petition, this Court is precluded from ruling on his action as filed. Consequently, Mr. Ramos's Petition will be dismissed without prejudice to file a new, all-inclusive, § 2254 petition.

An appropriate Order will follow.

Dated: November 17, 2017  /s/ A. Richard Caputo
 **A. RICHARD CAPUTO**
 **United States District Judge**

---

[1] *Miller* and *Mason* sought to prevent *pro se* litigants from unintentionally defaulting federal claims through failure to assert them in a single action.

[2] Mr. Ramos was forewarned that his new petition would have to be submitted within the one-year period of limitations authorized under 28 U.S.C. § 2244(d). (ECF No. 5, pp. 2 – 4).